FILED
2012 Jun-18 AM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AARON OLIVER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.:** |
| **ARS NATIONAL SERVICES, INC.,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for his Complaint against the Defendant:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.  Congress found it necessary to pass the FDCPA due to rampant abusive Practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of

personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## JURISDICTION

3.    Personal jurisdiction exists over Defendant ARS National Services, Inc. as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

4.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

## VENUE

5.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant ARS National Services, Inc. does business in this judicial district.

## PARTIES

6.    Plaintiff Aaron Oliver (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama in this judicial district.

7.    Defendant ARS National Services, Inc. ("Defendant" or "ARS[1]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district).

8.    Defendant ARS is a debt collector under the FDCPA.

9.    Defendant ARS is incorporated in California and has its principal place of business in California.

## FACTUAL ALLEGATIONS

10.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.    Plaintiff allegedly owes on a Capital One credit card.

---

[1] "ARS" means any of the named Defendants directly or through its debt collectors, employees and agents that took any collection action against Plaintiffs.

12. Defendant ARS claims to have the right to collect on this debt as a debt collector for Capital One.

13. Plaintiff started receiving calls from Defendant ARS on this debt beginning in July 2011.

14. The conduct of the Defendant ARS was harassing and abusive in the calls.

15. Defendant ARS used insulting language and used deception with Plaintiff.

16. For example, Defendant ARS told Plaintiff that he could not dispute the validity of the debt even though Defendant ARS received the account a few days before the first call in July 2011.

17. Defendant ARS told Plaintiff that if he insisted on disputing the debt and wanting proof that the debt was owed, the punishment for him would be no settlement discussions except to pay the debt in full.

18. So Defendant ARS threatened and lied to Plaintiff about if he exercised his rights under the FDCPA in dealing with the Defendant ARS over the phone.

19. When Plaintiff asked for details about the alleged debt, he was told on at least one occasion (July 8, 2011) that Defendant ARS would only give him information on the debt after he agreed to settle it.

20. This is a favorite tactic of abusive debt collectors to threaten and lie to discourage consumers from exercising their rights under the FDCPA.

21. The reason is that this tactic is so effective.

22. Defendant ARS has refused to give all required disclosures under the FDCPA when communicating with Plaintiff, particularly with leaving voicemail messages which do not contain the required disclosures.

23. Defendant is a debt collector under 15 U.S.C. § 1692a(6).

## SUMMARY

24. All of the above-described collection communications made to Plaintiff by Defendant ARS a nd collection agents of Defendant ARS were made in violation of the FDCPA.

25. Defendant ARS violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

26. The above-detailed conduct by Defendant ARS of harassing Plaintiff in an effort to collect this debt was also a n invasion of Plaintiff's p rivacy and resulted in actual damages to the Plaintiff.

27. The above detailed conduct by Defendant ARS reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

28.    The collection activities by Defendant ARS and agents caused Plaintiff stress and anguish.

29.    Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

30.    Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant ARS in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

## **RESPONDEAT SUPERIOR LIABILITY**

31.    The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

32.    The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant ARS in collecting consumer debts.

33.    By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

34.     Defendant ARS is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

35.     Defendant ARS negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The acts and omissions of Defendant ARS and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following:   1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

38. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from Defendant.

## COUNT II.

## INVASION OF PRIVACY

39. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant ARS violated Alabama state law as described in this Complaint.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

42. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

43.   Defendant ARS and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

44.   Defendant ARS and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

45.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

46.   The conduct of Defendant ARS and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple

intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

47. The conduct of Defendant ARS went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

48. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

49. All acts of Defendant ARS and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

50. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

51. Defendant ARS negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

52. Had Defendant ARS hired competent debt collectors, the violations described in this Complaint would not have occurred.

53. Had Defendant ARS properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

54. Defendant ARS carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

55. Defendant ARS knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendant.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

57. Defendant ARS owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

58. Defendant ARS has assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

59. Defendant ARS owes a duty to consumers against whom it is collecting to act reasonably.

60. All of the actions described in this Complaint demonstrate that Defendant ARS did not act reasonably towards the Plaintiff.

61. Defendant ARS, by its described conduct, breached its duty to act reasonably towards Plaintiff.

62. Defendant ARS proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

63. Defendant ARS knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

64. Defendant ARS acted with full knowledge and with the design and intent to cause harm to Plaintiff.

65. Defendant ARS was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

66. Defendant ARS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

67. Defendant ARS violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

68. It was foreseeable, and Defendant ARS did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

69. Defendant ARS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

70. Defendant ARS invaded the privacy of Plaintiff as set forth in Alabama law.

71. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

72. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant ARS for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

ARS National Services, Inc.
c/o CSC Lawyers Incorporating Serv Inc.
150 S. Perry Street
Montgomery, Alabama 36104